The TAI PING INSURANCE
COMPANY, LTD., et al.

v.

The UNITED KINGDOM MUTUAL STEAMSHIP ASSURANCE ASSOCIATION (BERMUDA) LIMITED.

Nos. 84–5744, 82–3874 and 82–3765.

United States District Court,
E.D. Louisiana.

May 30, 1985.

Hanemann & Associates, James Hanemann, Jr., & Franklin G. Shaw, R. Joshua Koch, Jr., Lindsay A. Larson, III, New Orleans, La., Overton, Lyman & Prince, Ronald L. Young, Los Angeles, Cal., for plaintiff.

Lemle, Kelleher, Kohlmeyer & Matthews, Richard B. Foster, New Orleans, La., for Ohio River Co.

Chaffe, McCall, Phillips Toler & Sarpy, Harvey G. Gleason, James R. Holmes, New Orleans, La., for Toepfer and Lumber Carrier & United Kingdom Mutual S.S. Assr. Assn. (Bermuda) Ltd.

Donald A. Hoffman, James Sutterfie, Camp, Carmouche, Palmer, Barsh & Hunter, New Orleans, La., for M/G Transport Services, Inc.

Phelps, Dunbar, Marks, Claverie & Sims, C. Theodore Alpaugh, III, Geo. J. Fowler, New Orleans, La., for Canadian Transport Co. Ltd.; Haight, Gardner, Poor & Havens, R. Glenn Bauer, New York City, of counsel.

Liskow & Lewis, Robert W. Booksh, Jr., Charles M. Steen TA New Orleans, La., for Intern. Marine Terminals.

Barham & Churchill, O'Neil, Eichen & Miller, William E. O'Neil, Machale A. Miller, Marcia L. Culley, Ira M. Williamson, New Orleans, La., for Cravat Coal Company.

Courtenay, Forstall, Grace & Hebert, F.A. Courtenay, Jr., Charles V. Guilbault, Theodore W. Brin, New Orleans, La., for S.G.S. Control Services, Inc.

Boggs, Loehn & Rodrigue, Charles A. Boggs, New Orleans, La., for St. Paul Mercury Ins. Co.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on motions of defendant, The United Kingdom Mutual Steamship Assurance Association (Bermuda) Limited (hereinafter "Underwriters") for partial dismissal. Specifically, Underwriters object to any cause of action asserted by plaintiff against Underwriters based on the failure of Underwriters to warn their own assured, the owner of the M/V WARSCHAU, of the dangers allegedly associated with the carriage and/or transportation of coal. To achieve this end, i.e., the dismissal of claims against Underwriters on this "failure to warn" theory, defendant has brought a series of motions—Motion for Partial Dismissal on Grounds of Prescription; Motion for Summary Judgment; Motion for Partial Dismissal for Failure to State a Cause of Action Under British Law; and, Motion for Partial Dismissal for Failure to State a Cause of Action.

Defendant's incorporation of materials outside the pleadings convert these matters to motions for summary judgment. F.R. Civ.P. 12(c). Plaintiff has failed to controvert defendant's statement of uncontested material facts. Those contentions establish that: 1) defendant Underwriters were the protection and indemnity (P & I) insurers of the M/V WARSCHAU and its owner, Alfred C. Toepfer, Schiffahrtgesselshaft MBH Lumber Carrier (hereinafter "Toepfer") during September of 1981, the period the alleged accident and injury were to have occurred; 2) the Underwriters had no other agreements or contracts with the vessel owner; 3) the Underwriters had no agreements or contracts with the plaintiff; 4) the Underwriters did, in the ordinary course of business, gather information regarding risks faced by its insured members; 5) this type of information was sometimes given to the membership owners; and, 6) prior to 1981, plaintiff was not aware that the Underwriters were engaged in the assimilation and distribution of information concerning the hazard of coal shipment.

■ Plaintiff fails to cite any authority for the proposition that defendant Underwriters were liable to plaintiff for their failure to warn *their own assured* of the dangers associated with the shipment and transportation of coal. The Court's independent research did not reveal any authority for plaintiff's proposition that defendant Underwriters are liable to plaintiff for defendant's failure to warn its own as-

sureds of risks inherent in the shipment of coal.[1] If such an action exists, it would be more properly asserted by the insured against his insurer, and not by the third party against the tort feasor's insurer.

 While plaintiff's may maintain an action against Underwriters based on the alleged negligent acts of its assured under the direct action statute of Louisiana, they may not, as they attempt to do in this suit, sue the Underwriters directly for the *Underwriters'* alleged negligence in failing to warn plaintiff and/or the owner of the M/V WARSCHAU concerning the dangers associated with coal shipment.

Accordingly, the Court GRANTS defendant, The United Kingdom Mutual Steamship Assurance Association (Bermuda) Limited's motion for partial dismissal insofar as it pertains to plaintiff's claims against said defendant based on what plaintiff alleges is a duty owed to it for defendant's failure to warm its own assured concerning any dangers and/or precautions associated with the carriage of coal.

Thus, for the foregoing reasons, the Court GRANTS defendant's motions.

---

1. Under any of the three applicable laws to this situation, British, American and/or Louisiana, plaintiff was unable to cite any authority to this Court indicating that defendant owed any such duty to plaintiff for the alleged failure of defendant to warn its own assured of dangers associated with the carriage of coal. Furthermore, plaintiff failed to controvert the matters set forth in the affidavit attached to defendant's motion for partial dismissal for failure to state a cause of action under British law.